

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERNEST FORD, )<br><br>Plaintiff, )<br><br>v. )<br><br>EXIDE CORPORATION, a Pennsylvania )<br>Corporation, OCEANOGRAPHIC )<br>BATTERY COMPANY, INC., a )<br>Pennsylvania Corporation, BATTERY )<br>OUTLET, INC., a Virginia Corporation, )<br>EXIDE CORPORATION GOVERNMENT)<br>MARKETING DEPT., a Virginia )<br>corporation, )<br><br>Defendants. ) | No. 04 C 4293 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Defendant Exide Corporation's ("Exide")

motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

    Plaintiff Ernest Ford ("Ford") alleges that in 2002 he worked for Sprint

Communications, Inc. ("Sprint") as a telecommunications worker. Ford alleges that

Exide designed, manufactured, and sold batteries and that Exide supplied batteries to

1

Sprint. Ford claims that on May 22, 2002, the batteries delivered to Sprint by Exide malfunctioned and caused a fire at the Sprint communications facility where Ford worked. Ford claims that he was injured by the fire. Ford filed the instant action in Illinois state court alleging products liability claims (Counts I-IV) and negligence claims (Counts V-VIII) against the various Defendants. The instant action was subsequently removed to federal court. Exide has moved to dismiss the instant action pursuant to Federal Rule of Civil Procedure 37 based upon alleged discovery violations by Ford.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37 ("Rule 37") provides in part the following:

> (2) Sanctions by Court in Which Action is Pending. If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . .
>
> **(C)** An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action* or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . .

Fed. R. Civ. P. 37(c)(emphasis added).

## DISCUSSION

Exide argues that Ford has failed to provide Exide with complete answers to

Exide's interrogatories and requests to produce. Exide also complains that Ford has not made a proper expert disclosure. Accordingly, Exide moves the court to dismiss the action based upon the alleged discovery violations.

On January 4, 2005, we stated by minute order that Ford's expert disclosure and report had to be served by April 12, 2005, and that Exide's expert and report was due on April 26, 2005. We also stated that all discovery had to be completed by May 18, 2005. On May 3, 2005, Exide appeared before the court seeking an extension of time to disclose its expert witness. Exide contended that Ford had not provided Exide with complete discovery responses and had not disclosed its experts in a timely manner as was required. On May 3, 2005, the court gave Ford one week to make all discovery disclosures and respond to all discovery requests and the court further specified that "[f]ailure of plaintiff to respond within 1 week will result in this case being dismissed." (5/3/05 minute order). Exide contends that Ford still has not provided a proper expert disclosure and that Ford has not fully responded to Exide's discovery requests.

Ford does not deny that Exide presented him with interrogatories and production requests in November of 2004. A review of Ford's response to the interrogatories shows that Ford provided very little information in his response. Instead, the response is replete with the statement that there was no information yet available and that "investigation continues." ( RI 7, 8, 10, 11, 12, 13, 17). Ford

3

provided Exide with a supplemental response, dated May 12, 2005, after the May 3, 2005, order by the court. However, the supplemental response is even less definitive. Very little additional information is included in the supplemental response and Ford continues to repeatedly assert that "investigation continues." (SRI 1, 7, 10). In addition, Ford repeatedly asserts in his supplemental response that "Plaintiff is currently gathering this information and will supplement his response." ( SRI 28, 29, 37, 38, 39, 53). The court ordered in January of 2005, that all discovery was to be completed by May 18, 2005. The time for "investigation" and to "gather[]" information has long since passed. Exide has shown that Ford has not properly responded to its interrogatories or to Exide's other discovery requests. Ford should have been forthright with his discovery responses by the discovery closure deadline, and also was obligated to respond to Exide's discovery requests in a timely manner during the discovery period to enable Exide to review the materials provided by Ford and still have time within the discovery period to request additional materials and information. The fact that Ford has not been forthright and diligent in his efforts to respond to Exide's discovery requests is well illustrated by the fact that Ford stated in his supplemental response that he is still "currently gathering . . . information," despite the fact that he was provided with the discovery request over six months ago. Thus, Ford has not complied with the court's May 3, 2005, order to respond to Exide's discovery requests.

4

In addition, Ford has not properly disclosed his expert witness in accordance with the court's May 3, 2005, order. Pursuant to Federal Rule of Civil Procedure 26 ("Rule 26") an expert disclosure must "be accompanied by a written report prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). The report must contain "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." *Id.*

In the instant action, after the court's May 3, 2005, order, Ford disclosed an expert. However, no report by the expert was provided to Exide as was ordered by the court and as is required under the Federal Rules of Civil Procedure. Instead, Ford provided Exide with a one page letter, dated May 10, 2005, written by his expert containing two cursory paragraphs about Ford's expert's conclusion that Exide's batteries caused the fire at the Sprint facility. Ford's expert does not provide the bases for any of his conclusions included in the letter or the sources he used to form the conclusions. Neither does Ford's expert indicate what publications he has written, what his compensation for his testimony will be, or what other cases he has

testified in as a witness. We agree with Exide that Ford's expert disclosure totally fails to comply with Rule 26.

Throughout this action, Ford has demonstrated a lack of diligence in his prosecution of this action. For instance, on December 8, 2004, this action was dismissed for lack of prosecution because neither Ford nor his counsel appeared for a status hearing. Since, Ford has not complied with Federal Rule of Civil procedure 26 in regards to his discovery responses and his expert disclosure and Ford has not complied with this court's May 3, 2005, order we find that a dismissal of this action pursuant to Rule 37 to be appropriate. The Seventh Circuit has expressly recognized that "incomplete or evasive responses to interrogatories can support, in part, dismissal of the entire action under Rule 37(b)." *See Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003))(stating that "dismissal is a harsh sanction, but 'the most severe in the spectrum of sanctions provided by statute or rule must be available ... not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent," and that "it is axiomatic that the appropriateness of lesser sanctions need not be explored if the circumstances justify imposition of the ultimate penalty-- dismissal with prejudice").

Exide has moved for a dismissal under Rule 37. The Seventh Circuit has

6

explained that "[a] dismissal under Rule 37(b)(2)(C), however, is distinct from a dismissal under Rule 41(b) in that a Rule 37(b)(2)(C) dismissal, unlike Rule 41(b) dismissal, requires both a failure to comply with a discovery order and a showing of willfulness, bad faith, or fault." *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997). It is clear that Ford had ample warning that he needed to provide the proper discovery responses and disclosures and that if he failed to do so his case would be dismissed. Ford was provided with Exide's interrogatories in November of 2004. Rather than complying with Exide's requests and the court's order, Ford has attempted to create additional delay in this action by providing responses which are dilatory and incomplete. Such conduct was willful and Ford was at fault and Ford has not offered sufficient justification for such fault. We have thoroughly considered all other possible sanctions, such as monetary sanctions and the exclusion of evidence, but conclude that the proper sanction in this instance is a dismissal of this action. Ford has failed to comply with the Federal Rules of Civil Procedure, the court's direct order, and was warned that a failure to comply would result in the dismissal of this action. There is a clear record of dilatory conduct by Ford. Any sanction other than a dismissal would only result in further delay in this action, would not serve as a deterence, and would not be conducive to the proper administration of the court's docket. *See Patterson by Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston, Inc.*, 852 F.2d 280, 283 (7th Cir. 1988)(stating that "[t]he

sanction of dismissal is 'essential to the district courts' ability to manage effectively their heavy caseloads and thus protect the interests of all litigants.'").

## CONCLUSION

Based on the foregoing analysis, we grant Exide's motion to dismiss this action.


Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 15, 2005